# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROWDSTRIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NSS LABS, INC., <br><br> Defendant. | Civil Action No. 17-cv-146-GMS <br><br> **FILED UNDER SEAL** |

## OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Dated: March 1, 2017

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302)777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Ian Feinberg (admitted *pro hac vice*)
Elizabeth Day (admitted *pro hac vice*)
Marc Belloli (admitted *pro hac vice*)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
(650) 618-4360
Fax: 650-618-4368
ifeinberg@feinday.com
eday@feinday.com
mbelloli@feinday.com

*Attorneys for Defendant NSS Labs, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................ 1

II. STATEMENT OF FACTS ......................................................................................................... 1

   A. The DTSA Claim................................................................................................................ 2

   B. The CFAA Claim............................................................................................................... 2

III. ARGUMENT............................................................................................................................. 3

   A. CrowdStrike Did Not Plausibly Plead Subject Matter Jurisdiction.................................... 3

   B. CrowdStrike Has Not Plausibly Pled a Violation of the DTSA ......................................... 4

   C. CrowdStrike Has Not Plausibly Pled a Violation of the CFAA ......................................... 6

IV. CONCLUSION.......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Custom Packaging Supply, Inc. v. Phillips*,
  2016 WL 1532220 (C.D. Cal. April 15, 2016) ............................................................................ 7

*Green v. Henderson*,
  2016 WL 6650834 (D. Del. Nov 8, 2016) ............................................................................ 5, 8

*Phillip v. Atlantic City Medical Center*,
  2013 WL 1192381 (D.N.J. March 21, 2013) ....................................................................... 3, 4

*Sklobar v. Ulto*,
  2017 WL 374471 (D.N.J. Jan. 24, 2017) ................................................................................ 8

**Statutes**

18 U.S.C. § 1030(e)(11) ............................................................................................................ 7, 10

18 U.S.C. § 1030(e)(8) ..................................................................................................................... 6

18 U.S.C. § 1030(g) .......................................................................................................................... 6

18 U.S.C. §1030 ..................................................................................................................... 1, 2, 6

35 U.S.C. § 1331 ................................................................................................................................ 3

**Rules**

Federal Rules of Civil Procedure 12(b)(1) ........................................................................... 1, 5, 15

Federal Rules of Civil Procedure 12(b)(6) ............................................................................. passim

## I. INTRODUCTION

Defendant NSS Labs, Inc. ("NSS") moves to dismiss CrowdStrike's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the ground that the two federal claims on which subject matter jurisdiction are predicated are not plausible.[1] Count III for misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1832-1839 (the "DTSA") does not plausibly plead that NSS had access to CrowdStrike's purported trade secrets, much less that it disclosed or threatened to disclose them. Count IV for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030 (the "CFAA") does not plausibly allege "damage" or "loss" as required to state a claim under the CFAA. Therefore, the FAC must be dismissed for lack of subject matter jurisdiction.[2]

Further amendment will not save these claims. There are no facts that CrowdStrike can plead to establish the access and disclosure elements of its DTSA claim. Likewise, there are no facts that CrowdStrike can plead that qualify as "damage" or "loss" under the CFAA. Accordingly, the time to dismiss these claims (for failure to state a claim) and this case (for lack of subject matter jurisdiction) is now.

## II. STATEMENT OF FACTS

CrowdStrike is an Irvine, California company that provides a cybersecurity system called "Falcon" that allegedly "delivers and unifies next-generation antivirus, endpoint detection and response (EDR), managed threat hunting, security hygiene and threat intelligence." https://www.crowdstrike.com/products/. NSS is an Austin, Texas-based company that, among

---

[1] Count 4 was introduced in the FAC filed less than *five hours* after NSS filed its opposition to CrowdStrike's motion for a temporary restraining order and preliminary injunction ("CrowdStrike's TRO Motion"), which challenged the plausibility of CrowdStrike's DTSA claim.

[2] The FAC alleges that both CrowdStrike and NSS are Delaware corporations (FAC at ¶¶ 5, 6), so there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

other things, tests cybersecurity products to "[a]rm the world with the fact-based and objective information required to get secure and stay secure." https://www.nsslabs.com/security-test/nss-labs-test-policies/. NSS performs private tests of cybersecurity products for vendors and also, separately, publicly tests "cybersecurity systems" to determine how well they stand up to cyber-attacks. https://www.nsslabs.com/security-test/nss-labs-test-policies/.

### A.     The DTSA Claim

Count III of the FAC alleges that NSS misappropriated or threatened to misappropriate "CrowdStrike's methods for identifying malware" or "methods of threat detection." D.I. 9 at ¶¶ 12 and 78. But NSS is not alleged to have had access to those allegedly secret "methods." *See* D.I. 9 at ¶¶ 12,78; *see also* Memorandum Opinion Denying Temporary Restraining Order ("Memorandum Order"), D.I. 12, at 8. Further amendment of the complaint cannot save this allegation because CrowdStrike knows, and has no colorable basis to allege, that NSS had access to these allegedly secret "methods," much less disclosed or threatened to disclose them.

Furthermore, the FAC fails to identify any other trade secrets. While CrowdStrike pleads that "[i]nformation provided to NSS pursuant to the Private Agreement for use in testing the Falcon software also contains trade secrets," CrowdStrike makes no attempt to identify the purported trade secrets, even at the subject matter level. D.I. 9 at ¶ 79. The FAC also pleads that there are trade secrets in the copies of its Falcon software that CrowdStrike distributes to its customers. D.I. 9 at ¶ 81. These alleged trade secrets also are not identified and regardless cannot be trade secrets under the DTSA because, as CrowdStrike admits, these are materials that are provided to customers.

### B.     The CFAA Claim

A private claim under the CFAA requires an allegation of "damage" or "loss" as defined in the CFAA, and Count IV of the FAC neither plausibly pled, nor could plausibly plead, either

damage or loss under the statute. Damage under the CFAA means damage to the plaintiff's computers or data, and loss means the costs of remedying such damage. But nowhere in the FAC does CrowdStrike allege, nor could it be amended to allege, damage to its computers or data or costs of remedying such non-existent damage. Thus, the FAC does not allege nor could it allege a private claim for violation of the CFAA.

### III.  ARGUMENT

#### A.  CrowdStrike Did Not Plausibly Plead Subject Matter Jurisdiction

CrowdStrike predicates federal court jurisdiction on 35 U.S.C. § 1331, jurisdiction arising out of the laws of the United States based on Counts III and IV. But as demonstrated below, Count III does not plausibly plead a claim or violation of the DTSA and Count IV does not plausibly plead a claim or violation of the CFAA. Accordingly, there is no plausible basis for subject matter jurisdiction and the FAC should be dismissed under Rule 12(b)(1).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. 'When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.'" *Phillip v. Atlantic City Medical Center*, No. 11-2468 NLH/KMW, 2013 WL 1192381, at *3 (D.N.J. March 21, 2013) (citations omitted).

A defendant can make two types of attacks on subject jurisdiction, a facial attack or a factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack is made "by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J.2008). On a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. On a factual attack:

the court need not presume the truth of the allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. Moreover, when considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is "not confined to the allegations in the complaint ... and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. U.S.*, 211 F.3d 749, 752 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed. *D.G.*, 559 F. Supp. 2d at 491.

*Phillip,* , 2013 WL 1192381, at *3. NSS attacks the FAC both facially and factually.

### B. CrowdStrike Has Not Plausibly Pled a Violation of the DTSA

Count III of the FAC fails to plausibly state a claim under the DTSA. The gravamen of CrowdStrike's DTSA claim is that CrowdStrike purportedly has trade secrets concerning methods of threat detection – *i.e.*, *how* its Falcon product works. For example, CrowdStrike alleges that its Falcon product: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ CrowdStrike's methods for identifying malware are not generally known and provide an economic advantage over competitors." D.I. 9 at ¶ 12. CrowdStrike similarly alleges that its trade secrets are "methods of threat detection as implemented by the Falcon software are not generally known, and CrowdStrike derives an advantage over competitors through these methods." *Id.* at ¶ 78.

Putting aside that CrowdStrike only vaguely references the purported trade secret "methods," nowhere has CrowdStrike plausibly alleged that NSS obtained access to "CrowdStrike's methods for identifying malware" or "methods of threat detection," much less disclosed the purported trade secrets.[3] Unauthorized use or disclosure is a necessary element of a DTSA claim, 28 U.S.C. § 1832(a), that must be pled in order to survive a motion to dismiss.

---

[3] CrowdStrike is not complaining that NSS ever did, or even could, disclose how the Falcon product works. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ D.I. 12 at 8.

4

Further amendment of CrowdStrike's DTA claim will not save the claim.  NSS never had access to any of CrowdStrike's "methods," nor has it threated to disclose them (which would be impossible since it does not have access to them to disclose).  D.I. 8 at ¶¶ 6-8 (Owen Declaration).  Because it would be a futile exercise for CrowdStrike to amend its DTSA claim, it should be dismissed without leave to amend.  *Green v. Henderson*, 2016 WL 6650834, at \*\*1-2 (D. Del. Nov. 8, 2016) (dismissing complaint for lack of subject matter jurisdiction and denying leave to amend because amendment would be futile).

CrowdStrike's "fallback" allegations fare no better.  For example, CrowdStrike alleges that "[i]nformation provided to NSS pursuant to the Private Agreement for use in testing the Falcon Software also contains trade secrets."  D.I. 9 at ¶ 79.  Because these purported trade secrets are not identified (even as to general subject matter), there is no plausible allegation that they were misappropriated by NSS.  Indeed, the Court already found that the only public disclosure that NSS made concerning CrowdStrike did not contain any trade secrets.  D.I. 12 at 8.  These obvious failures in CrowdStrike's allegations render its DTSA claim implausible and there is no factual avenue that CrowdStrike can take to fix them.

CrowdStrike's other "fallback" allegation is that "NSS misappropriated [unspecified] CrowdStrike's trade secrets by acquiring CrowdStrike software from a third-party in violation of CrowdStrike's standard terms and conditions and the Private Agreement."  D.I. 9 at ¶ 81.  Failure to identify these purported trade secrets, even as to general subject matter, renders these allegations implausible as well.  Moreover, as the Court found:

> It does not appear to the court that NSS used any information provided to it during the private test in the subsequent public test. It does not even appear to the court that NSS ever acquired any trade secrets derived from its private tests of the software supplied by Constellation. Further, the court cannot identify any trade secrets that NSS plans to disclose to the public.

5

> The court reviewed NSS's Advanced Endpoint Protection Test report on the Falcon software that it plans to present at the RSA Conference on Tuesday, February 14, 2017. The court did not identify any trade secrets disclosed in that report.

D.I. 12 at 81 (citation omitted). CrowdStrike has not plausibly stated a claim for violation of the DTSA, and therefore Count III should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6).

### C.     CrowdStrike Has Not Plausibly Pled a Violation of the CFAA

CrowdStrike's second basis for federal court jurisdiction is the alleged violation of the CFAA. Count IV was introduced in the FAC filed less than *five hours* after NSS filed its opposition to CrowdStrike's motion for a temporary restraining order and preliminary injunction ("CrowdStrike's TRO Motion"), which challenged the plausibility of CrowdStrike's DTSA claim. Private CFAA claims are only available to a "person who suffers *damage or loss* by reason of a violation of this section." 18 U.S.C. § 1030(g) (emphasis added). As a matter of law, CrowdStrike has not, and cannot, allege "damage or loss" as defined by the CFAA and therefore Court IV must be dismissed.

The only "damage" CrowdStrike alleges is   D.I. 9 at ¶ 106. But under the CFAA, "the term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information," 18 U.S.C. § 1030(e)(8), which CrowdStrike has not and cannot allege:

> Defendants cite multiple cases holding that "damage" means actual harm to computers or networks as a result of a defendant's unauthorized accessed to a protected computer, rather than economic harm due to the commercial value of the data itself. See *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 834 (N.D. Cal. 2014) (citing collected cases); *Farmers Ins. Exchange v. Steele Ins. Agency, Inc*., No. 2:13-CV-00784, 2013 WL 3872950, at *21 (E.D. Cal. July 25, 2013) ("Indeed, a number of courts have noted that 'costs not related to computer impairment or computer damages are not compensable under the CFAA.'"); *Doyle*

6

*v. Taylor* , CV-09-158-RHW, 2010 WL 2163521, at *2 (E.D. Wash. May 24, 2010) , aff'd *Doyle v. Chase*, 434 Fed. Appx. 656 (9th Cir. 2011); SKF USA, Inc. v. Bjerkness, 636 F. Supp. 2d 696, 721 (N.D. Ill, 2009); *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, *Custom Packaging Supply, Inc. v. Phillips, Slip Copy* (2016 382 (S.D.N.Y. 2005) ("Costs not related to computer impairment or computer damages are not compensable under the CFAA."). CPS does not plead any such "damage" in plausible detail, alleging only that it "suffered damage and loss by reasons of these violations, including ... harm to CPS's data, programs, and computer systems...." (SAC ¶ 44.) Specifically, CPS alleges that Defendant Phillips accessed unauthorized files and removed them from its computers. (Id. ¶ 29.) However, CPS does not allege that Defendant damaged any systems or destroyed any data as a result of his conduct. Therefore, the Court holds that CPS failed to plead facts showing any cognizable damage under the CFAA.

*Custom Packaging Supply, Inc. v. Phillips*, No. 15-04584-ODW-AGR, 2016 WL 1532220, at *4 (C.D. Cal. April 15, 2016). Because the only "damage" CrowdStrike alleges is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 9 at ¶ 106, CrowdStrike has failed to allege the type of "damage" required under Section 1030(g) of the CFAA.

CrowdStrike also failed to allege "loss" as defined in the CFAA. In the CFAA, "the term 'loss' means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e) (11). "Loss" must be a result of "damage" as defined in the CFAA, of which CrowdStrike suffered none as shown above:

> Courts have held that to fall within this definition, 'loss' must be related to the impairment or damage to a computer or computer system. *Eagle v. Morgan,* No. 11–4303, 2011 U.S. Dist. LEXIS 147247, at *23, 2011 WL 6739445 (E.D. Pa. Dec. 22, 2011) (citing cases). Loss means the remedial costs of investigating a computer for damage, remedying damage done, and costs incurred while the computer is inoperable. *Clinton Plumbing & Heating of Trenton, Inc. v.*

7

*Ciaccio,* No. 09–2751, 2010 U.S. Dist. LEXIS 113215, at *23, 2010 WL 4224473 (E.D. Pa. Oct. 22, 2010).

*PNC Mortgage v. Superior Mortgage Corp.*, No. 09-5084, 2012 WL 627995, at *4 (E.D. Pa. Feb. 27, 2012); *Sklobar v. Ulto*, No. 15-6069(ES)(JWD), 2017 WL 374471, at *1 (D.N.J. Jan. 24, 2017) (holding that "loss" under the CFAA "must pertain to 'a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted.'") (citations omitted).

Because CrowdStrike did not allege "damage" as defined in the CFAA, it also could not allege "loss" as defined in the CFAA. There was no "damage" to assess nor any data, program, system or information to restore or any revenue lost or cost incurred because of an interruption of service. There was no interruption of service at all. Count IV should be dismissed without leave to amend because amendment would be futile. *Green v. Henderson*, *supra*, 2016 WL 6650834, at **1-2.

## IV. CONCLUSION

For at least the foregoing reasons, Count III and IV should be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim and the FAC should be dismissed with prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.

Dated: March 1, 2017

Respectfully submitted,

FARNAN LLP

*/s/* Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302)777-0301

8

bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Ian Feinberg (admitted *pro hac vice*)
Elizabeth Day (admitted *pro hac vice*)
Marc Belloli (admitted *pro hac vice*)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
(650) 618-4360
Fax: 650-618-4368
ifeinberg@feinday.com
eday@feinday.com
mbelloli@feinday.com

*Attorneys for Defendant NSS Labs, Inc.*